22-35-cv
*Barnes v. Fedele*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-three.**

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

---

Arrello Barnes,

> *Plaintiff-Appellant*,

> v.                                                                              22-35-cv

John Nuttall, Deputy Commissioner of Program Services,

> *Defendant-Appellee*,

Louis Fedele, Correction Officer, Michael Furman, Sergeant, Robert Murphy, Correction Officer, Theresa Stanley, Chaplain, Paul J. Chappius, Jr., Deputy Superintendent of Security, Angela Bartlett, Deputy Superintendent of Programs,
> > *Defendants*. *

---

\*   The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:

ARRELLO BARNES, *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE:

KATE H. NEPVEU, Assistant Solicitor General (Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Barbara D. Underwood, Solicitor General, and Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We assume the parties' familiarity with the underlying facts, the procedural history of this long-running case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2007, Arrello Barnes sued several prison officials under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc–1). He claimed, among other things, that the officials violated his right to practice his religion by confiscating his religious head covering, a Tsalot-Kob. The officials confiscated Barnes's Tsalot-Kob because he did not identify as a Rastafarian, and, under a 2004 Department of Corrections and Community Supervision directive (the "Directive"), only Rastafarians were permitted to wear Tsalot-Kobs.

In an earlier appeal from a grant of qualified immunity to the defendants, we vacated in part because we could not conclude, as a matter of law, that it was objectively reasonable for the defendants to believe that they were acting constitutionally by "denying a Tsalot-Kob to an inmate"

who was not a registered Rastafarian. *Barnes v. Furman*, 629 F. App'x 52, 57 (2d Cir. 2015) (summary order). Moreover, we explained that "because defendants have not identified any penological interests supporting the [Directive], we cannot assess the reasonableness of their actions." *Id.* Thus, we remanded for further development of the record.

On remand, all but one of the remaining defendants supplemented the record with declarations explaining the Directive and their actions under it. For example, the Deputy Superintendent of Security identified security concerns as the penological interest behind the Directive—that is, because the Tsalot-Kob could be used to hide contraband, the Directive was intended to limit the number of Tsalot-Kobs that would have to be searched. John Nuttall, Deputy Commissioner of Program Services, was the only defendant who did not provide a declaration.

The district court again found that each of the defendants was entitled to qualified immunity, and Barnes appealed for the second time. We affirmed the judgment as to all defendants except Nuttall. We explained that Nuttall "was the only Defendant involved in creating the Directive, yet he did not provide a declaration explaining the penological purpose behind its creation. Indeed, he did not provide any declaration." *Barnes v. Fedele*, 813 F. App'x 696, 701 (2d Cir. 2020) (summary order). Therefore, we concluded that we could not impute the penological interest articulated by other defendants onto Nuttall because it was "possible" that another defendant's understanding of the policy "was not aligned with Nuttall's reason for signing the Directive." *Id.* As a result, we again remanded for further proceedings.

On remand, Nuttall again moved for summary judgment—and this time provided a declaration that described the rationale behind the Directive. According to Nuttall's declaration, the Directive, which was drafted in consultation with legal counsel, was intended to balance the right to religious expression and practice against the need for safety and security because head

3

coverings could be used to conceal contraband, such as weapons. Nuttall, who retired around the time this lawsuit was first filed in 2007, stated that he believed at the time that the Directive complied with the Constitution and that he did not intend to deprive Barnes of his right to practice his religion. The district court found that Nuttall's declaration closed the evidentiary gap this Court had previously identified, and Nuttall was now entitled to qualified immunity. This appeal followed.

We review the grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (internal quotation marks and citation omitted).

As set forth below, we agree with the district court that the uncontroverted facts in the record articulating the penological interest demonstrate that Nuttall is entitled to summary judgment on the Section 1983 claim under the doctrine of qualified immunity.[1]

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021) (per curiam) (internal quotation marks and citation omitted). It is well established that, although incarcerated individuals retain their free

---

[1] During Barnes's first appeal, a motions panel of this Court dismissed his Religious Land Use and Institutionalized Persons Act claim for money damages. *See* Order Dismissing Claim, *Barnes v. Furman*, 629 F. App'x 52 (2d Cir. 2015) (ECF No. 42). To the extent that he continues to pursue a statutory claim for injunctive or declaratory relief, his release from custody renders the claim moot. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006).

exercise rights, prisons may restrict those rights if the restriction is "reasonably related to some legitimate penological interests." *Ford v. McGinnis*, 352 F.3d 582, 594 (2d Cir. 2003).

In our prior decision, we identified an evidentiary gap regarding Nuttall's motivation concerning any penological interests supporting the Directive. Nuttall's declaration has closed this gap. In his declaration, Nuttall states that the Directive was motivated by safety and security considerations, including concerns about the flow of contraband through a greater number of head coverings. As we observed in our prior decision, "[p]reventing the flow of contraband in prison is certainly a legitimate penological interest." *Barnes*, 813 F. App'x at 700. Barnes has not presented any evidence that might call Nuttall's motivation or veracity into doubt. Nor has Barnes otherwise provided evidence suggesting that the safety and security concerns cited by Nuttall were "irrational." *Ford*, 352 F.3d at 595 (internal quotation marks and citation omitted). In short, there is no genuine dispute of material fact undermining Nuttall's claim for qualified immunity. Accordingly, the district court properly granted his motion for summary judgment.

\* \* \*

We have considered Barnes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5